# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TERRI L. WALLACE,** | * | |
| **Plaintiff,** | * | |
| v. | * | No. 24-1707 |
| **ADMINISTRATIVE OFFICE,** **OF THE COURTS** | * | |
| | * | |
| **Defendant.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, Administrative Office of the Courts ("AOC"), through counsel, pursuant to 28. U.S.C. §§ 1441 and 1446 and Local Rule 103.5 of the United States District Court for the District of Maryland, hereby removes this action from the Circuit Court for Anne Arundel County, Maryland to the United States District Court for the District of Maryland, and states as follows:

1. This employment-based action was commenced in the Circuit Court for Anne Arundel County, Maryland, though the filing of the original complaint by plaintiff Terri Wallace ("Plaintiff") on or about December 21, 2023.

2. The complaint sought relief only under State law in a single count titled "Retaliation", premised exclusively upon Md. State Gov't Code Ann. § 20-606(f)(2)— contained within Maryland's Fair Employment Practices Act—which "prohibits retaliation against an employee for 'participat[ing] in any manner in an investigation, proceeding, or hearing under this subtitle.'" (Compl. at ¶ 48.)

3. AOC was served with a copy of the complaint and writ of summons on or about January 19, 2024.

4. On April 25, 2024, AOC timely filed a preliminary motion to dismiss or, in the alternative, motion for summary judgment that Plaintiff's termination was not pretext. On May 28, 2024, Plaintiff filed an opposition to AOC's motion along with a combined motion for leave to amend her complaint (Plaintiff's "motion for leave to amend"), stating that Plaintiff has claims under federal law, *i.e.*, a claim for retaliation under the Americans with Disabilities Act (42 U.S.C. § 12203(a)) and a claim for retaliation under the Family and Medical Leave Act (29 U.S.C. § 2615(a) and (b)).  Service of Plaintiff's motion for leave on AOC on May 28, 2024 constituted AOC's receipt of "a copy of [a] . . . motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3).

5. Because Plaintiff alleges causes of action against AOC under a federal statute and/or the federal Constitution, the United States District Court has original jurisdiction over those claims, in that it purports to state a claim arising "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. In addition, pursuant to 28 U.S.C. § 1367, the United States District Court, in its discretion, may exercise supplemental jurisdiction over the state law cause of action in the Complaint.

7. AOC was served with Plaintiff's motion for leave to amend on May 28, 2024. The date of the filing of this Notice of Removal is June 12, 2024. Thus, the Notice of Removal is filed 15 days after the filing of Plaintiff's motion for leave to amend.

8. AOC is filing this Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of [a] . . . motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3).

9. Even though the subject motion for leave to amend has not yet been granted by the state court, AOC's Notice of Removal is timely and necessary given controlling authority from this Court holding that the removal period may commence upon a defendant's receipt of a motion or response to a motion. *See Neal v. Trugreen Ltd. Partn.*, 886 F. Supp. 527, 528 (D. Md. 1995) (holding removal filed by employer was too late and ineffective where employee's motion to dismiss counterclaim was filed in state proceedings and explicitly informed employer and court that federal claim based upon facts alleged in original complaint would be added; motion to dismiss counterclaim allowed employer to intelligently ascertain removability of action, such that the 30–day limitations period for removal began to run upon receipt of motion by employer; "The right to remove a case is triggered when a motion is filed in the state proceeding. . . . The thirty-day limitations period is mandatory and must be strictly construed."); *Gray v. Rite Aid Corp.*, 189 F. Supp. 2d 347 (D. Md. 2002) (holding removal too late because 30-day period for exercise of removal jurisdiction over customer's malpractice action against national corporate pharmacy accrued on date that customer filed response to pharmacy's motion to dismiss Maryland store location as defendant, rather than on date that state court granted dismissal; "Rite Aid knew that this case was removable on or about the date it received plaintiffs' opposition to Rite Aid's motion to dismiss . . . . Thus, no later than

its receipt of plaintiffs' opposition to the motion to dismiss, Rite Aid knew that its contention, that 'Rite Aid Pharmacy No. 4465' was not properly joined, was not only legally correct but was unopposed, and that undoubtedly the state court would dismiss the claims against 'Rite Aid Pharmacy No. 4465.'"). *See also Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (rejecting plaintiff's argument that his memorandum in support of his motion to remand was neither part of a "motion" nor "other paper" under §1446(b) sufficient to ascertain that the case became removable; "The 'motion, order or other paper' requirement [in 28 U.S.C. § 1446(b)] is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner.") (internal quotation marks and citation omitted); *Schwartz Bros., Inc. v. Striped Horse Records*, 745 F. Supp. 338, 339 (D. Md. 1990) (relying on the "receipt" phrase in § 1446(b) to hold that the defendant's removal was too late because the period within which case had to be removed began to run when defendant received the complaint even though service was improper).[1] To avoid the outcome experienced by the defendants in

---

[1] Courts in other jurisdictions have, more specifically, held that the removal period commenced immediately upon a defendant's receipt of a motion to amend a complaint, not when the motion to amend was granted. *See, e.g., Morrison v. Natl. Ben. Life Ins. Co.*, 889 F. Supp. 945, 948 (S.D. Miss. 1995) (holding removal period commenced when plaintiffs filed motion for leave to amend complaint; "Whether or not the lower court has approved Plaintiffs' Motions to Amend, the Motions certainly constitute 'other paper from which it may first be ascertained that the case is one which is or has become removable. . . .' 28 U.S.C. § 1446(b)."); *Webster v. Sunnyside Corp.*, 836 F. Supp. 629, 631 (S.D. Iowa 1993) (holding the 30-day removal period began when defendants received motion to amend, not when motion to amend was granted; "Defendants waived their right to remove this case to federal court by not serving their notice of removal to federal court within thirty days after the service on them of the motion to amend."); *Williams v. Heritage Operating L.P.*, 2007 WL 2729652 at *2 (M.D. Fla. Sept. 18, 2007) ("Defendant certainly was able to ascertain that the case had become removable by May 3, 2007, when it received Plaintiff's motion to amend. Plaintiff's motion to amend served as a trigger placing Defendant on notice that the thirty day clock had commenced, as demonstrated by the language of the statute. . . . As such, the Court finds that Defendant's notice of removal filed on June 7, 2007, was untimely."); *F.W. Myers & Co., Inc. v. World Projects Intern., Inc.*, No. 96-CV-0763, 1996 WL 550135, at *3 (N.D. N.Y. Sept. 19, 1996) (holding the 30–day removal period began when defendant had "first ascertained" that the

4

this Court's controlling authority in *Neal*, *Gray*, and *Schwartz Bros*—wherein this Court (and others) remanded the cases because the defendants were deemed to have waited too long to seek removal—and in the absence of contrary controlling authority from the Fourth Circuit, AOC files this Notice of Removal in an abundance of caution even though the underlying motion for leave to amend has not yet been decided by the state court.

10. Concurrent with the filing of this Notice of Removal, AOC, pursuant to 28 U.S.C. § 1446 (d), has provided written notice of removal to Plaintiff and has filed a copy of this Notice of Removal with the clerk of the Circuit Court for Anne Arundel County,

---

amount in controversy limit was exceeded, and that determination was possible using the information contained in the motion for leave to amend and in the proposed amended complaint); *Groh v. Groh*, 889 F. Supp. 166, 170 (D.N.J. 1995) (holding removal untimely because 30-day period began to run from receipt, not grant, of operative motion; motion for removal was not timely filed where it came more than 30 days after former wife had received motion seeking sequestration of husband's ERISA pension benefits, from which federal jurisdiction is apparent); *Harriman v. Liberian Maritime Corp.*, 204 F. Supp. 205 (D. Mass. 1962) (holding service upon defendant of motion by plaintiff to increase *ad damnum* in state court case set forth facts from which defendant could ascertain that case had become removable, and period within which defendant could move for removal commenced from that date; "Congress did not condition the running of the [30] day period upon receipt by defendant of knowledge that a motion had been allowed but, rather, on the receipt by defendant of a document which would bring home . . . the fact that plaintiff had changed his claim. . . . [I]t cannot be denied that once such motion is filed defendant is then on notice that plaintiff is claiming that his case involves the jurisdictional amount and must remove or lose his right to do so within [30] days therefrom."); *Pease v. Medtronic*, 6 F. Supp. 2d 1354, 1358 (S.D. Fla. 1998) (holding under "express language" of § 1446(b), 30-day period runs from filing of the motion giving defendant "notice that the case had become removable," not disposition of the motion); *Jackson v. Brooke*, 626 F. Supp. 1215 (D. Colo. 1986) (holding that even though state court had not yet ruled that plaintiff's claim under 42 U.S.C.A. § 1983 could survive motion to dismiss, plaintiff's response to defendant's summary judgment motion in state court, apprising defendant that plaintiff was pursuing a claim under 42 U.S.C. § 1983, constituted an "other paper" under 28 U.S.C. § 1446(b) from which it could first be ascertained that case was one which was removable, so that defendant's petition for removal, filed over four months after receipt of plaintiff's response to summary judgment motion, was untimely). Conversely, AOC is also aware that some courts have held that the period for removal commences when a motion for leave is granted. *See, e.g., Hibbs v. Consolidation Coal Co.*, 842 F. Supp. 215 (N.D. W.Va. 1994) (holding that time for removing case began to run when state court granted leave to amend complaint to increase amount of damages sought).

thereby effecting the removal of this action, and alerting the state court that it shall proceed no further unless and until the case is remanded.

11. AOC is the sole defendant in this action.

12. Pursuant to Local Rule 103.5(a), undersigned counsel hereby certifies that true and legible copies of all documents on file in the state court have been filed contemporaneously with this Notice of Removal.

WHEREFORE, AOC notifies all courts and parties that this action has been removed to the United States District Court for the District of Maryland, and that no further proceedings shall be had in the Circuit Court for Anne Arundel County.

June 12, 2024

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

*/s/* James O. Spiker IV
Kevin M. Cox
Federal Bar No. 29012
kcox@oag.state.md.us
James O. Spiker IV
Federal Bar No. 30189
jspiker@oag.state.md.us
Assistant Attorney General
Courts & Judicial Affairs Division
200 St. Paul Place, 20th floor
Baltimore, Maryland 21202
(410) 576-6389 (telephone)
(410) 576-6393 (facsimile)

Attorneys for Defendant,
Administrative Office of the Courts

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June, 2024, the foregoing was served by CM/ECF on all registered CMF users and by email on:

Sundeep Hora, Esq.
Alderman, Devorsetz & Hora, PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
shora@adhlawfirm.com

*/s/* James O. Spiker IV
James O. Spiker IV
Assistant Attorney General