| | |
|---|---|
| **TERRI L. WALLACE** ) | IN THE |
| ) | |
| ) | CIRCUIT COURT |
| Plaintiff, ) | |
| ) | FOR |
| v. ) | |
| ) | ANNE ARUNDEL COUNTY |
| **ADMINISTRATIVE OFFICE OF THE COURTS** ) ) | |
| ) | Civil Case No. C-02-CV-23-002609 |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Terri L. Wallace, through her undersigned counsel, pursuant to Maryland Rule 2-432(a), submits her Motion for Sanctions against Defendant, Administrative Office of the Courts ("Defendant" or "AOC") for its failure to produce *any* response to Plaintiff's Interrogatories and Request for Production of Documents, that were due no later than May 17, 2024.

1. Plaintiff Terri Wallace ("Ms. Wallace") filed this action on December 21, 2023.

2. Defendant AOC filed a motion for a more definitive statement on February 20, 2024. Plaintiff responded on March 16, 2024 and the Court denied the Defendant's motion without a hearing on March 27, 2024.

3. The Court held a teleconference on April 2, 2024 with the parties to review scheduling and related matters. During the teleconference, Defendant indicated that it would file a motion to dismiss and, in the alternative, motion for summary judgment. The Court cautioned the AOC that a summary judgment motion would likely be denied as premature as discovery needed to be had before ruling on a summary judgment motion. Defendant AOC requested a stay in discovery pending resolution of its Motion to Dismiss/Summary Judgment. Counsel for Plaintiff noted that discovery had already been delayed by the AOC's unsuccessful Motion for a

1

More Definitive Statement. The Court indicated that it would not entertain a stay of discovery pending the Motion to Dismiss/SJ and that Defendant AOC had not proffered a valid justification for a stay. Defendant AOC requested, pursuant to Maryland Rule 2-422(c)[1], and the Court granted, that its responses to Plaintiff's discovery requests be due 15 days *after* it filed its dispositive motion.

4. On April 5, 2024, counsel for Plaintiff submitted a draft stipulated protective order governing the production of confidential or sensitive information in this case for the AOC's review and comment. To date, the AOC has not provide any edits or a substantive response other than it is reviewing it.

5. Plaintiff propounded discovery (interrogatories and request for production) on April 17, 2024. Defendant's responses to her discovery requests were due on May 17, 2024.

6. On April 25, 2024, Defendant filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment that Plaintiff's Termination was Not Pretext (hereinafter, "Motion to Dismiss/SJ").

7. On May 1, 2024, fourteen (14) days *after* Plaintiff propounded discovery, Defendant filed a Motion for a Protective Order seeking, *again*, a stay in discovery pending a ruling on its Motion to Dismiss/SJ. In this, its second request, the AOC changed its position from the April 2, 2024 teleconference with the Court and argued that it its responses to discovery were now due 15 days *after* the Court ordered it to file its answer. Plaintiff timely filed her Opposition to the Motion for a Protective Order on May 15, 2024 and the AOC submitted a reply thereafter.

8. The Court denied the AOC's Motion for a Protective Order on May 30, 2024.

---

[1] Maryland Rule 2-422(c) provides in pertinent part that discovery responses are due "15 days after the date on which the party's initial pleading or motion is required, whichever is later."

9. During the pendency of the Motion for Protective Order, *and six days prior to the deadline* for Plaintiff's to submit her Opposition to the Motion to Dismiss/SJ, on May 22, 2024, counsel for Plaintiff emailed counsel for Defendant:

> Please consider this correspondence as a good faith attempt to resolve a discovery dispute pursuant to Md. Rule 2-431. As you know, the AOC's responses to Plaintiff['s] interrogatory requests and request for production of documents [were] due no later than May 17, 2024. **While the AOC has moved for a protective order, no order has been granted, therefore, the AOC was required to respond by the due date of May 17th.** The lack of response to Plaintiff's discovery requests while a premature motion for summary judgment [is pending] is extremely prejudicial to Plaintiff. Moreover, **the AOC's failure to provide any documents or responses to interrogatories gives rise to immediate sanctions by the Court pursuant to Md. Rule 2-432. Please advise immediately on whether the AOC plans to respond to Plaintiff's discovery requests and if so when it will furnish its responses.** If we are unable to resolve this dispute, Plaintiff will file a motion to compel and for sanctions accordingly. Thank you for your prompt attention to this matter.

Ex. 1A.

10. Counsel for Defendant responded by repeating the AOC's argument from its (failed) Motion for Protective Order that the "the Maryland Rules dictate that AOC's answers and responses to Ms. Wallace's initial written discovery are not due until 30 days after the Court's order denying the motion to dismiss." Ex. 1B. Counsel for Defendant asserted that this was "*axiomatic*." *Id*. (emphasis added).

11. Counsel for Defendant further stated that Plaintiff's counsel's "failure to dispute the plain language of the Rule demonstrates that AOC is correct on this discovery issue…**Beyond the automatic extensions described above**, Rule 2-403 permits [a party]…to seek a protective order, which is precisely what AOC did here." Counsel for the Defendant also indicated that "…at a minimum AOC's **motion for protective order *naturally stays* the time for having to respond to written discovery during the pendency of the motion. This is generally understood among**

**litigators**." *Id*. (emphasis added). Counsel for Defendant claimed that "nonetheless…AOC has been diligently working on preparing to respond to your written discovery…". *Id*.

12. On May 23, 2024, the undersigned counsel for Plaintiff responded, "As you imply that I am not an experienced litigator, **please point me to any case that indicates that filing a motion for a protective order stays the obligation to respond to discovery**. Based on my experience, which may be less than yours it appears, an order from the court is required." Ex. 1C.

13. Counsel for Defendant, Mr. Cox, responded on May 24, 2024:

> We are going to give you the benefit of the doubt and assume that you did not intend to send the below email and, rather, will withdraw it after further reflection. There is no need for us to rehash the fact that you have not substantively opposed the application of the Maryland Rules on the timing of when our written discovery responses are due. Our Reply [to the Motion for Protective Order] (filed yesterday) further demonstrates this. And, we will not engage in a back-and-forth with you on exchanging legal authority on various points of law (that is what the Court is for). Nonetheless, you'll see that Maryland Rule 2-403(b) states, "If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person <u>provide or permit discovery</u>." []. **This confirms that only if a motion for protective order is denied, then must the desired discovery be produced**. Accordingly, and again, any motion to compel you file would not only be duplicative of our pending—and timely, despite your reference to waiting exactly two weeks—motion for protective order staying discovery during the pendency of Defendant's preliminary motion to dismiss (which is now fully briefed and ripe for a decision) but would also be filed in bad faith. Further, I make no implications regarding your legal abilities or experience, if that is how you took my email.

Ex. 1D (emphasis added).

14. Defendant's interpretation of the Rule 2-403(b) is frivolous, flawed, legally unsupported and, in fact, contrary to Rule 2-403(a), which requires that relief is conditioned on a judge first finding "good cause" and entering an order enunciating the limits on discovery sought. Rule 2-432 (a), in its entirety, provides,

> (a) **Immediate sanctions for certain failures of discovery**. — A discovering party may move for sanctions under Rule 2-433 (a), without first obtaining an order compelling discovery under section (b) of this Rule, if a **party… fails to serve a**

**response to interrogatories under Rule 2-421 or to a request for production or inspection under Rule 2-422**, after proper service. **Any such failure may not be excused on the ground that the discovery sought is objectionable <u>unless a protective order has been obtained</u> under Rule 2-403.**

Maryland Rule 2-432(a)(emphasis added); *see also*, Paul V. Niemeyer & Linda M. Schuett, *Maryland Rules Commentary*, at 458-59 (5th ed. 2019) ("**If discovery is to be avoided altogether, Rule 2-432 requires that a protective order be obtained under this rule before the time for responding**. A party who objects to discovery cannot simply refuse to attend a deposition duly noticed or **refuse to respond to interrogatories or requests for documents duly served. The party who does so without first obtaining a protective order runs the risk of immediate sanctions under Rule 2-433**. . . . In the absence of a protective order, it is not a ground to refuse discovery that the information contains business secrets unless the secrets have already been protected by court order.").

15. The AOC's decision to move for a protective order, notwithstanding the Court's denial of the AOC's request to stay discovery during the Court's teleconference that *preceded* its motion, the suspect legal basis underlying the motion to stay discovery[2], the AOC's repeated and

---

[2] The AOC argued that discovery was automatically stayed because it had filed a motion to dismiss, or in the alternative, summary judgment. There is no basis for its contention. As the Court may have determined when it denied Defendant's motion for protective order, it is axiomatic that "the filing of a motion to dismiss does not automatically stay or extend the time for providing discovery[.]" *Pacific Mortg. and Inv. Grp., Ltd. v. Annie F. Horn*, 100 Md. App. 311, 325, 641 A.2d 913, 920 (1994) (citation and internal quotation marks omitted); *see also id*. ("In the usual case . . . discovery proceeds during the pendency of a motion to dismiss."); *In re Am. Capital, Ltd. S'holder Litig.*, No. 422598-V, 2016 Md. Cir. Ct. LEXIS 6, at *12 (Md. Cir. Ct. Mont. Cnty., Oct. 6, 2016) ("[T]here is no automatic stay of discovery . . . pending some particular event, such as a decision on a motion to dismiss."); *In re Am. Realty Cap. Tr.*, No. 24-C-12-005306, 2012 Md. Cir. Ct. LEXIS 7, at *12 (Md. Cir. Ct. Balt. City Dec. 13, 2012) ("[D]iscovery is not automatically stayed because there is a motion to dismiss pending."); Paul V. Niemeyer & Linda M. Schuett, Maryland Rules Commentary, at 433 (5th ed. 2019) ("[The] filing of a motion to dismiss does not automatically stay or extend the time for providing discovery **and, in the usual case, discovery proceeds during the pendency of the motion**." (emphasis added).

5

flawed persistence that its failure to adhere to its plain discovery obligations was excused by a magically created automatic stay, its failure to respond to discovery *after* the Court denied its motion for a protective order, support an order sanctioning Defendant for its misconduct.

16. Rule 2-433(a) provides, "For Certain Failures of Discovery. Upon a motion filed under Rule 2-432 (a), the court, if it finds a failure of discovery, may enter such orders in regard to the failure as are just, including one or more of the following: (1) An order that the matters sought to be discovered, or any other designated facts shall be taken to be established for the purpose of the action in accordance with the claim of the party obtaining the order."

17. Defendant has already used its exclusive access to key documents as a sword and a shield by cherry picking favorable documents to support its non-pretextual justification in support of its premature motion for summary judgment and by refusing to respond to validly propounded discovery that Plaintiff could have used in her opposition to defeat Defendant's AOC's justification for terminating Ms. Wallace was pretext for retaliation.

18. Plaintiff requests that Defendant be ordered to provide responses to discovery immediately and that the Court find that AOC has waived its right to object to Plaintiff's discovery responses. The frivolity of Defendant's supposed legal basis to seek a stay of discovery or that an automatic stay existed during the pendency of tis motions and its continued defiance of its discovery obligations—even in the face of the Court's denial of = its Motion for a Protective Order, indicates that Defendant will continue to engage dubious discovery tactics, including the assertion of baseless objections to Plaintiff's discovery requests, to further delay Plaintiff's access to key information and documents and to delay the discovery process as a whole. In short, Defendant should be sanctioned for its defiance and be made to answer Plaintiff's discovery requests <u>in their entirety and without further delay</u>.

19. As indicated in the above exchange between counsel, the undersigned counsel sought consent for Defendant to adhere to its discovery obligations and Defendant has failed to provide any response as of the submission of this motion.

WHEREFORE Plaintiff respectfully requests that the Court, pursuant to Maryland Rules Rule 2-432 and 2-433, order that Defendant answers Ms. Wallace's first set of interrogatories and produce documents in response to Ms. Wallace's first set of requests for production of documents forthwith, that Defendant has waived all objections to said discovery and must provide its answers and responses in full.

Respectfully Submitted,

/s/ *Sundeep Hora*_____
Sundeep Hora (MD Bar No. 12120309)
ALDERMAN, DEVORSETZ & HORA, PLLC
1025 Connecticut Ave., NW, Suite 615
Washington D.C. 20036
Tel. 202-969-8220
shora@adhlawfirm.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of June, 2024, a copy of the foregoing Motion for Sanctions was filed electronically and served electronically by the MDEC system on:

James O. Spiker IV
Assistant Attorney General
Courts & Judicial Affairs Division
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
jspiker@oag.state.md.us
**Counsel for Defendant AOC**

/s/ *Sundeep Hora*
Sundeep Hora